U.S. COURTS

JUN 01 2021

Rcvd_____Filed_____Time_____
STEPHEN W. KENYON
CLERK, DISTRICT OF IDAHO

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

JOSEPHINE GUION

*(Plaintiff)*

**FEDERAL TORT CLAIMS ACT COMPLAINT**

v.

Civil Action No.:_____
*(To be assigned by the Clerk of Court)*

THE UNITED STATES

*(Defendant)*

**ORIGINAL COMPLAINT FOR DAMAGES
UNDER THE FEDERAL TORT CLAIMS ACT**

Josephine Guion, Plaintiff, and represented Pro Se, now comes before this Court and complain of the United States Government, as follows:

**I.
JURISDICTION AND VENUE**

1. Plaintiff Josephine Guion, address P.O. Box 85 Payette, Idaho 83661, and is a resident of Payette, Idaho.

2. I state a claim that I am suing the United States under 28 U.S.C. § 2675 of the Federal Tort Claims Act(FTCA). The FTCA provides that *"the district courts...shall **have exclusive jurisdiction** of civil actions on **claims against the United States"** for certain **torts of federal** employees acting within the scope of their employment. 28 U.S.C. § 1346(b)(1)*. The Idaho U.S. District Court has jurisdiction to hear my FTCA Complaint.

The FTCA also provides a limited waiver of federal sovereign immunity that authorizes civil lawsuits for money damages against the United States *"for the negligent or wrongful act or*

1

*omission of any employee of the Government while acting within the scope of his office or employment under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."—28 U.S.C. § 1346(b).* The United States Government can be sued and held liable *"in the same manner and to the same extent as a private individual under like circumstances."—28 U.S.C. § 2674.*

3. The claims herein are brought against the United States pursuant to the Federal Tort Claims Act(FTCA) under 28 U.S.C. § 2671 and 28 U.S.C. § 1346(b)(1), for money damages as compensation for the injury done to me, that were caused by the negligent and wrongful acts and omissions of the United States Government federal employee acting withing the scope of his employment, under circumstances where the United States, if a private person, would be liable to the plaintiff in accordance with the laws of the State of Idaho.

4. I state a claim that venue is proper in that, the resulting irreparable injury complained of in the FTCA Complaint occurred in the State of Idaho, which arose from the United States Government Department of Housing and Urban Development(HUD)'s Seattle Regional HUD Office where the alleged negligent or wrongful acts or omissions forming the basis of these FTCA claims occurred by HUD's federal employee working within the scope of his employment, who had a duty of care wed to me that was breached, by his alleged negligent actions in his failure and/or refusal to mail the required paperwork for my signature to initiate HUD's investigation into my housing discrimination complaint during the time in question, that ultimately resulted in the irreparable injury complained of in the FTCA Complaint.

5. I state a claim that I have fully complied with the provisions of 28 U.S.C. § 2675 of the Federal Tort Claims Act. I have timely served notice of my FTCA claim under 28 U.S.C. § 2401(b) within the two-year statute of limitations to the appropriate United States Government's federal agency—Department of HUD's Seattle Regional HUD Office where the federal employee working within the scope of his employment, who had a duty of care owed to me that was breached by his alleged negligent actions, that resulted in the injury complained of in the

2

FTCA Complaint—See: <u>Attached copy of FTCA Claim document, with attached copy of letter dated 06July2020 addressed to HUD's Seattle Regional HUD Office: General Administrator Mr. Jeffery McMorris, and mailed to HUD Intake Branch Chief Mr. Andrew Tarver.</u>

6. I state a claim under 28 U.S.C. § 2675(a) of the FTCA, that the United States Government has failed to make a final disposition of my FTCA claim against the United States Government within the six-months after my filing, and therefore, my FTCA claim is deemed denied by the United States Government, and allows me to proceed with the timely filing of my lawsuit against the United States Government.

## II.
## EVENTS FORMING THE BASIS OF THE CLAIMS

1. I state a claim that the United States Government's Department of HUD Agency, where federal employee HUD Intake Specialist Russ E. Alarcon, working within the scope of his employment at HUD's Seattle Regional HUD Office, who had a duty of care owed to me that was breached by HUD Intake Specialist Alarcon's alleged negligent actions that deprived me of my individual interest, by HUD Intake Specialist Alarcon's alleged failure and/or refusal of HUD's procedures that was not available to me, that did not provide Due Process of Law, that ultimately resulted in the irreparable injury complained of in the FTCA Complaint by: (1) HUD Intake Specialist Alarcon's alleged failure and/or refusal to mail the required paperwork for my signature to initiate HUD's investigation into my racial and housing discrimination complaint; and (2) HUD Intake Specialist Alarcon's alleged failure and/or refusal to contact and interview the witnesses who came forward and were available to be interviewed and provide evidence to HUD Intake Specialist Alarcon during the time in question in 2015.

2. I state a claim that on Tuesday 31July2018, I first became aware of the irreparable injury done to me by the alleged negligent actions by HUD Intake Specialist Alarcon working within the scope of his employment, who had a duty of care owed to me that was breached by him, when I learned for the first time that HUD Intake Specialist Alarcon never transferred my HUD housing discrimination complaint to the Idaho Human Rights Commission(I.H.R.C.) agency during the time in question in 2015. HUD Intake Specialist Alarcon gave me the run-around, refusing,

avoiding telling me what the status of my HUD housing complaint was. HUD Intake Specialist Alarcon allegedly said to me that he wanted to discuss the disposition of my HUD housing complaint with an attorney named Mr. Brian Ertz, before talking to me again about the status of my HUD housing discrimination complaint. HUD Intake Specialist Alarcon allegedly avoided talking to the attorney. Mr. Ertz did not represent me, but he was helping me to find out the status of my HUD housing complaint—See: <u>Attached Supplement To Plaintiff's Motion For Summary Judgement Of The Disposition Of Plaintiff's HUD Complaint, Exhibit # 4-Email dated Tuesday July 31, 2018; and Exhibit # 7-Email dated Monday September 03, 2018, pages 2-3, Numbers 6 and 7</u>.

3. I state a claim that on 31July2018, during the phone conversation with HUD Intake Specialist Alarcon working within the scope of his employment, who had a duty of care owed to me, that he found on his computer-HUD's database, and from my case file folder, that he was reading the information to me from the formal phone intake interview that he conducted with me on 24January2015, et cetera—See: <u>Exhibit # 7-Email dated Monday September 03, 2018, page 2, Number 5</u>.

4. I state a claim that on the same day of 31July2018, I made a formal complaint against HUD Intake Specialist Alarcon working within the scope of his employment, who had a duty of care owed to me that was breached by HUD Intake Specialist Alarcon's alleged negligent actions, when he refused, avoided telling me what the status of my HUD housing discrimination complaint was—See: <u>Exhibit # 4-Email dated Tuesday, July 31, 2018 and Exhibit # 5-Email dated Thursday, August 16, 2018</u>.

5. I state a claim that on Friday 17August2018, that I continued to be injured by HUD Intake Specialist Alarcon's alleged negligent actions, while working within the scope of his employment, who had a duty of care owed to me that was breached by HUD Intake Specialist Alarcon when I was informed for the first time by HUD official Ms. Eileen Solomon from Seattle Regional HUD Office, of HUD's closure of my case in 2015 without my knowledge or notification. Ms. Solomon also informed me for the first time about the two questionable

4

notification letters that she found in my case file allegedly sent to me by HUD Intake Specialist Alarcon that led to HUD's closure of my housing complaint in 2015 without my knowledge or notification—See: <u>Exhibit # 7-Email dated Monday September 03, 2018, page 3, Number 8; and Exhibit # 6-Email from Mr. Tarver, dated Friday August 31, 2018, with attached notification letter documents</u>.

6. I state a claim that after my phone conversation with HUD Intake Specialist Alarcon on 31July2018, that I continued to be injured by HUD Intake Specialist Alarcon's alleged negligent actions, while working within the scope of his employment, who had a duty of care owed to me that was breached by HUD Intake Specialist Alarcon, when it was found by HUD officials at the Seattle Regional HUD Office, that there is no record of any intake interview that was conducted by HUD Intake Specialist Alarcon with me on 24January2015; that there is no record that my online HUD housing discrimination complaint was ever processed-everything connected to my HUD case, went missing from my case file and from the computer data bases, et cetera, after my phone conversation with HUD Intake Specialist Alarcon on 31July2018—See: <u>Exhibit # 7-Email dated Monday September 03, 2018, page 3, Number 8; Exhibit # 6-Email from Mr. Tarver, dated Friday August 31, 2018; and Exhibit # 8-Email from Mr. Tarver dated Monday September 10, 2018</u>.

7. I state a claim that I continued to be injured by HUD Intake Specialist Alarcon's alleged negligent actions, while working within the scope of his employment, who had a duty of care owed to me that was breached by HUD's Intake Specialist Alarcon, in his typed statement submitted to Mr. Tarver, that contradicted what he said to me on 31July2018, essentially denying that he ever conducted a formal phone intake interview with me on Thursday 24January2015— See: <u>Exhibit # 8-Email from Mr. Tarver dated Monday September 10, 2018; and Exhibit # 9- attached copy of</u>
<u>HUD Intake Specialist Alarcon's typed statement</u>.

8. I state a claim of the continued irreparable injury done to me by the alleged negligent actions of HUD Intake Specialist Alarcon while working within his scope of employment, who had a

duty of care owed to me that was breached, when HUD Intake Specialist Alarcon placed the two questionable notification letters in my case file, that resulted in the causal connection, the proximate cause of the final ultimate injury done to me, when the U.S. District Court Judge in his Summary Judgement Decision, basing his conclusion entirely on the two questionable notification letters at issue, held me solely responsible for HUD's closure of my housing complaint without my knowledge or notification in 2015. Using the two questionable notification letters at issue, the U.S. District Court Judge proceeded to time-barred all of my FHA and Defamation claims in his Summary Judgement Decision, ruling in favor of the Bonner Defendants, a direct result of the alleged negligent actions of HUD Intake Specialist Alarcon placing the questionable notification letters in my case file. The Summary Judgement Decision is under appeal.

The Timeline of Events

1. I state a claim that on 20December2014, I filed an online HUD racial and housing discrimination complaint.

2. I state a claim that on 05January2015, I filed a racial and housing discrimination complaint with the I.H.R.C., and wrote on the Complaint Form, that I had filed a housing complaint with HUD on 20December2014.

3. I state a claim that on Thursday 24January2015, during the formal phone intake interview conducted by HUD Intake Specialist Alarcon, that I told him that I had filed a housing complaint with the I.H.R.C.. After the phone intake interview with HUD Intake Specialist Alarcon, he told me to expect to receive paperwork from him for my signature for HUD to begin their investigation into my housing complaint, in about 30 days.

4. I state a claim that on Wednesday 30January2015, during the formal phone intake interview with I.H.R.C. representative Ms. Melissa Gray, I updated her about being interviewed by a HUD Intake Specialist(Alarcon), and that he told me to expect to receive the paperwork for my signature for HUD to begin their investigation, in about 30 days. Ms. Gray said that she would keep an eye out for HUD's housing complaint to the I.H.R.C..

5. I state a claim that in late February 2015, approximately a month after HUD Intake Specialist Alarcon conducted his formal phone intake interview with me on 24Janaury2015, who told me to expect to receive the paperwork for my signature for HUD to initiate their investigation into my racial and housing discrimination complaint in about 30 days, that for reasons unknown to me, HUD Intake Specialist Alarcon never mailed the paperwork to me or anything else by certified mail or regular mail, nor did HUD Intake Specialist Alarcon ever call or speak to me again, after the intake interview on 24January2015. HUD Intake Specialist Alarcon, did not return my phone calls, he did not respond to my voicemail messages, repeatedly asking him to mail the required paperwork for my signature, so that HUD can begin their investigation into my housing discrimination complaint.

6. I state a claim that in March 2015, HUD Intake Specialist Alarcon still did not return my phone calls, he did respond to my voicemails repeatedly asking him to mail to me the paperwork, for my signature so that HUD can begin their investigation into my housing discrimination complaint. When HUD Intake Specialist Alarcon did not return my phone calls, I was put in touch with his immediate supervisor, named Mr. Andrew Tarver, and complained to him about HUD Intake Specialist Alarcon's not returning my phone calls, that he still has not mailed to me the paperwork for my signature to initiate HUD's investigation into my housing discrimination complaint.

7. I state a claim that on 07March2015, that T.I.P.S. employees, on-site Caretaker couple at the Trestle Creek Community/Holland House property, named Tammy Johnson and her husband Kelly _____, came forward on their own, giving me their contact information and witness statements. The Caretaker couple said that they wanted to talk to someone in authority, about having an investigation done(HUD and the I.H.R.C. agencies), regarding what the Caretaker couple witnessed, the evidence they had been documenting and collecting for over a year, what the Caretaker couple knew about the racial discrimination, the harassment allegations, against me, et cetera. I called HUD Intake Specialist Alarcon, and I.H.R.C. Investigator Sue Nixon assigned to my case, and left them voicemail messages about the Caretaker couple witnesses,

7

their contact information, and I also left another voicemail message for HUD Intake Specialist Alarcon asking him if he could mail the paperwork that I was still waiting for, et cetera—See: Court of Appeal(COA) Docket # 8-Appellant's Informal Opening Brief-Statement of Facts, page 12, Saturday 07March2015 entry; and See also: District Court Docket # 47, attachment # 3-Plaintiff's Exhibit # 2 "Documented Entries" document, pages 23-24, Saturday 07March2015 entry.

8. I state a claim that in April 2015, HUD Intake Specialist Alarcon, still did not return my phone calls, did not respond to my voicemail messages repeatedly asking him for the paperwork, which he still did not mail to me. I complained again to HUD Intake Specialist Alarcon's immediate supervisor Mr. Tarver, complaining to him that I have been waiting since February, for HUD Intake Specialist Alarcon to mail the paperwork to me, which I still had not received. I also complained to Mr. Tarver, that HUD Intake Specialist Alarcon, did not contact the two witnesses, the Caretaker couple, who were still waiting for HUD Intake Specialist Alarcon to call them. On 12April2015, T.I.P.S. Participant/Holland House resident, named Susan Jahn, came forward on her own, and gave me her witness statement and contact information to me, et cetera. I called HUD Intake Specialist Alarcon, and I.H.R.C. Investigator Nixon, leaving them both voicemail messages about another witness coming forward, giving Susan Jahn's contact information for them to call—See: COA's Docket # 8- Appellant's Informal Opening Brief-Statement of Facts pages 12-13, Saturday 12April2015 entry; and See: Docket # 47, attachment # 3-Plaintiff's Exhibit # 2 "Documented Entries" document, pages 24-25, Saturday 12April2015 entry.

9. I state a claim that in May 2015, HUD Intake Specialist Alarcon, still would not return my phone calls, he did not respond to my voicemail messages, repeatedly asking him for the paperwork which HUD Intake Specialist Alarcon still did not mail to me. I called Mr. Tarver, leaving him voicemail messages, complaining repeatedly about HUD Intake Specialist Alarcon who still has not mailed the paperwork for my signature for HUD to begin their investigation into my housing discrimination complaint. I complained again to Mr. Tarver, about HUD Intake

Specialist Alarcon not contacting the witnesses who were still waiting to be interviewed by HUD Intake Specialist Alarcon.  On May 11May2015, former T.I.P.S. Participant/Holland House resident named Veda _____, came forward as a witness and gave me her witness statement and contact information.  I called and left voicemail messages for I.H.R.C. Investigator Nixon, and HUD Intake Specialist Alarcon, about another witness coming forward, and giving them Veda's contact information for them to call—See: <u>COA's Docket # 8-Appellant's Informal Opening Brief-Statement of Facts, page 13, Monday 11May2015 entry; See: Docket # 47, attachment # 3-Plaintiff's Exhibit # 2 "Documented Entries" document, page 26, Friday 08May2015 and Monday 11May2015 entries; and See: Docket # 47, attachment # 7-Complainant's Answer, Part (5), pages 6-9-to 11June2014 entry</u>.

10.  I state a claim that in late May / early June 2015, that on-site Caretaker couple Tammy Johnson and her husband Kelly _____, approached me again, saying that no one from the I.H.R.C. or HUD has contacted them, telling me that they could not wait any longer for someone to contact them, and wanted to contact the HUD Fraud Hotline, to talk to someone in authority, to turn over the documents of evidence to, et cetera, but were afraid that they would get fired by Board of Directors President Ambrosiani, if she found out about it.  I offered to file an online complaint with the HUD Fraud Hotline on behalf of the Caretaker couple, as well as for myself, and former T.I.P.S. Participant Veda _____.  See: <u>COA Docket # 8-Appellant's Informal Opening Brief-Statement of Facts, page 14, late May / early June 2015 entry; and June 2015 entry</u>.  During this time, HUD Intake Specialist Alarcon, did not respond to my voicemail messages repeatedly asking him for the paperwork, which HUD Intake Specialist Alarcon still would not mail to me.  I still called Mr. Tarver, leaving him voicemail messages complaining about HUD Intake Specialist Alarcon not sending me the paperwork for my signature, so that HUD can begin their investigation into my housing discrimination complaint, and still complaining to Mr. Tarver, that HUD Intake Specialist Alarcon, still has not contacted any of the witnesses, who were still waiting to be interviewed et cetera.

11.  I state a claim that after my participation in the T.I.P.S. Transitional Housing Program ended

9

on July 8, 2015, and in spite of complaining repeatedly to Mr. Tarver about HUD Intake Specialist Alarcon, he still would not mail the paperwork that I've been waiting for since February 2015. As the year wore on, I still continued trying to contact HUD Intake Specialist Alarcon, who still would not return my phone calls, or respond to my voicemail messages, asking him repeatedly for the paperwork for my signature so HUD could initiate their investigation into my housing discrimination complaint. Nor did HUD Intake Specialist Alarcon contact any of the witnesses who came forward, waiting to be interviewed by him, etcetera.

## III.
## DAMAGES

1. Respectfully, I state a claim that I have suffered irreparable injuries for which I seek full compensation under the law:

a. For HUD Intake Specialist Alarcon's failure and/or refusal to provide to me HUD's procedures that he made unavailable to me, that did not provide Due Process of Law;

b. For HUD Intake Specialist Alarcon's placement of the two notification letters found in my case file by a HUD official that resulted in HUD's closure of my housing complaint in 2015, without my knowledge or notification;

c. The U.S. District Court Judge in his Summary Judgement Decision, held me solely responsible for HUD's closure of my housing complaint in 2015, based on the two notification letters from HUD Intake Specialist Alarcon, which clearly prejudiced the outcome of the Summary Judgement Decision being Granted to the Defendants;

d. The U.S. District Court Judge in his Summary Judgement Decision, time-barred all of my FHA and Defamation claims using the two notification letters from HUD Intake Specialist Alarcon, that clearly prejudiced the outcome of the Summary Judgement Decision being Granted to the Defendants.

## IV.
## PRAYER FOR RELIEF

Respectfully, I am entitled to damages from the United States, and I do hereby pray that judgement be entered in my favor and against the United States Government for $1,000,000.00,

the amount requested on the FTCA Claim document, which is the original amount asked for in my original Complaint filed on 30April2018.

Josephine Guion, Pro Se

26May2021