UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JOSEPHINE GUION, | Case No. 1:21-cv-00235-MCE |
| Plaintiff, | |
| v. | **MEMORANDUM AND ORDER** |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

Plaintiff Josephine Guion ("Plaintiff"), proceeding pro se, initiated the present action against Defendant United States of America ("Defendant") under the Federal Tort Claims Act ("FTCA"), alleging that she filed a racial and housing discrimination complaint with the U.S. Department of Housing and Development ("HUD") in 2015, but a HUD intake specialist negligently failed to send her the requisite paperwork to start an investigation or otherwise contact her.  See Amended Compl., Dkt. 8.  Presently before the Court are the following motions:  (1) Plaintiff's Motion to Appoint Counsel, Dkt. 9,[1] and (2) Defendant's Motion to Dismiss pursuant to Federal Rules of Civil Procedure

///

---

[1] Plaintiff has withdrawn her Motion for Leave to Amend FTCA Complaint and Consolidate FTCA Claims, also Dkt. 9, which sought to add separate claims against a new defendant.  See Pl.'s Reply to Def.'s Opp'n Mot. Leave to Amend and Consolidate, Dkt. 18, at 10 (conceding that she has not exhausted her administrative remedies as to those claims).

1

12(b)(1) and (b)(6).² Dkt. 10. For the following reasons, Defendant's Motion is GRANTED whereas Plaintiff's Motion is DENIED.

## STANDARD

Federal courts are courts of limited jurisdiction, and are presumptively without jurisdiction over civil actions. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). The burden of establishing the contrary rests upon the party asserting jurisdiction. Id. Because subject matter jurisdiction involves a court's power to hear a case, it can never be forfeited or waived. United States v. Cotton, 535 U.S. 625, 630 (2002). Accordingly, lack of subject matter jurisdiction may be raised by either party at any point during the litigation, through a motion to dismiss pursuant to Rule 12(b)(1). Arbaugh v. Y&H Corp., 546 U.S. 500, 506 (2006); see also Int'l Union of Operating Eng'rs v. Cnty. of Plumas, 559 F.3d 1041, 1043–44 (9th Cir. 2009).

There are two types of motions to dismiss for lack of subject matter jurisdiction: a facial attack, and a factual attack. Thornhill Publ'g Co. v. Gen. Tel. & Elec. Corp., 594 F.2d 730, 733 (9th Cir. 1979). Thus, a party may either make an attack on the allegations of jurisdiction contained in the nonmoving party's complaint, or may challenge the existence of subject matter jurisdiction in fact, despite the formal sufficiency of the pleadings. Id.

When a party makes a facial attack on a complaint, the attack is unaccompanied by supporting evidence, and it challenges jurisdiction based solely on the pleadings. Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). If the motion to dismiss constitutes a facial attack, the Court must consider the factual allegations of the complaint to be true, and determine whether they establish subject matter jurisdiction. Savage v. Glendale Union High Sch. Dist. No. 205, 343 F.3d 1036, 1039 n.1 (9th Cir. 2003). In the case of a facial attack, the motion to dismiss is granted only if the

---

² All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure.

nonmoving party fails to allege an element necessary for subject matter jurisdiction.  Id.  However, in the case of a factual attack, district courts "may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment."  Safe Air for Everyone, 373 F.3d at 1039.

In the case of a factual attack, "no presumptive truthfulness attaches to plaintiff's allegations."  Thornhill, 594 F.2d at 733 (internal citation omitted).  The party opposing the motion has the burden of proving that subject matter jurisdiction does exist, and must present any necessary evidence to satisfy this burden.  St. Clair v. City of Chico, 880 F.2d 199, 201 (9th Cir. 1989).  If the plaintiff's allegations of jurisdictional facts are challenged by the adversary in the appropriate manner, "the plaintiff 'cannot rest on the mere assertion that factual issues can exist.'"  Trentacosta v. Frontier Pac. Aircraft Ind., Inc., 813 F.2d 1553, 1558 (9th Cir. 1987) (quoting Exch. Nat'l Bank of Chicago v. Touche Ross & Co., 544 F.2d 1126, 1131 (2d Cir. 1976)).  Furthermore, the district court may review any evidence necessary, including affidavits and testimony, in order to determine whether subject matter jurisdiction exists.  McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988); Thornhill, 594 F.2d at 733.  If the nonmoving party fails to meet its burden and the court determines that it lacks subject matter jurisdiction, the court must dismiss the action.  Fed. R. Civ. P. 12(h)(3).

A court granting a motion to dismiss a complaint must then decide whether to grant leave to amend.  Dismissal without leave to amend is proper only if it is clear that "the complaint could not be saved by any amendment."  Intri-Plex Techs., Inc. v. Crest Group, Inc., 499 F.3d 1048, 1056 (9th Cir. 2007) (citing In re Daou Sys., Inc., 411 F.3d 1006, 1013 (9th Cir. 2005)); Ascon Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989) ("Leave need not be granted where the amendment of the complaint . . . constitutes an exercise in futility . . . .")).  Leave to amend should be "freely given" where there is no "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of [the] amendment . . . ."  Foman v. Davis, 371 U.S. 178, 182 (1962); Eminence

Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (listing the Foman factors as those to be considered when deciding whether to grant leave to amend).  Not all of these factors merit equal weight.  Rather, "the consideration of prejudice to the opposing party . . . carries the greatest weight."  Id. (citing DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 185 (9th Cir. 1987)).

## ANALYSIS

### A.   Defendant's Motion to Dismiss

The FTCA "vests the federal district courts with exclusive jurisdiction over suits arising from the negligence of a Government employee," and in so doing "waives sovereign immunity of the United States for actions in tort."  Jerves v. United States, 966 F.2d 517, 518 (9th Cir. 1992); see 28 U.S.C. § 1346(b)(1).  Under the FTCA, the United States shall be liable for tort claims "in the same manner and to the same extent as a private individual under like circumstances . . ."  Id. § 2674.  "[T]he extent of the United States' liability under the FTCA is generally determined by state law."[3] Liebsack v. United States, 731 F.3d 850, 855 (9th Cir. 2013) (alteration in original) (citation omitted); compare Delta Savings Bank v. United States, 265 F.3d 1017, 1024 (9th Cir. 2001) ("By definition, federal law, not state law, provides the source of liability for a claim alleging the deprivation of a federal constitutional right.").

As previously stated, Plaintiff alleges that a HUD intake specialist negligently failed to send her the requisite paperwork to initiate an investigation into her racial and housing discrimination complaint or otherwise contact her.  In Idaho, a negligence claim

---

[3] Defendant initially argued that Plaintiff failed to prove that she exhausted her administrative remedies prior to filing the instant action.  See Def.'s Mot. Dismiss, Dkt. 10, at 7–8.  In response, Plaintiff filed a supplement to her Amended FTCA Complaint, specifically documentation relating to her administrative tort claim filed with HUD.  See Dkt. 17.  In its reply brief, Defendant states that "it is currently attempting to verify the facts regarding the Plaintiff's original administrative tort claim and reserves the right to renew the motion to dismiss for failure to exhaust administrative remedies if needed once the facts and record are properly and more fully developed."  Dkt. 19, at 1 n.1.  As such, the Court does not address the exhaustion requirement.

consists of four elements: "(1) a duty, recognized by law, requiring a defendant to conform to a certain standard of conduct; (2) a breach of that duty; (3) a causal connection between the defendant's conduct and the resulting injuries; and (4) actual loss or damage." Forbush v. Sagecrest Multi Family Prop. Owners' Ass'n, 162 Idaho 317, 322 (2017).  Furthermore, "it is well established that statutes and administrative regulations may define the applicable standard of care owed, and that violations of such statutes and regulations may constitute negligence per se."  Sanchez v. Galey, 112 Idaho 609, 617 (1986).  "The effect of establishing negligence per se through violation of a statute is to conclusively establish the first two elements of a cause of action in negligence."  Slade v. Smith's Mgmt. Corp., 119 Idaho 482, 489 (1991).  Since this action is brought pursuant to the FTCA, "any duty that the United States owed to [Plaintiff] must be found in [] state tort law."  Delta Savings, 265 F.3d at 1025 (citing Lutz v. United States, 685 F.2d 1178, 1184 (9th Cir. 1982)) ("Because the FTCA action cannot be premised on a violation of [federal law], the plaintiffs must show that the conduct of the government violates some state law.").

In her Amended Complaint, Plaintiff states that the HUD intake specialist breached his duty of care in violating 42 U.S.C. § 3610(f)(1) and 24 C.F.R. § 103.100, both of which require complaints alleging a discriminatory housing practice to be referred to the certified agency before any action is taken on such complaints.  See Am. Compl., Dkt. 8, at 5, 12.  As for the location of her alleged injury, Plaintiff provides that "the resulting irreparable injury complained of in the FTCA Complaint occurred in the State of Idaho, which arose from [HUD's] Seattle Regional HUD Office where the alleged negligent or wrongful acts or omissions forming the basis of these FTCA claims occurred by HUD's federal employee . . ." Id. at 3 (emphases added).  Regardless of whether Idaho or Washington state law applies, Plaintiff has not cited any analogous state law duty and the Court is unaware of any.  For example, neither Idaho nor Washington have recognized a "general tort claim for negligent investigation." M.W. v. Dep't of Soc. and Health Servs., 149 Wash. 2d 589, 601 (2003) (en banc); see also Hagy v. State of

Idaho, 137 Idaho 618, 621 (2002) ("Idaho does not recognize a cause of action for negligent investigation.").

Accordingly, accepting Plaintiff's allegations as true, Plaintiff has not identified any state law duty and thus has failed to state a claim under the FTCA. Defendant's Motion to Dismiss is thus GRANTED. With that said, in light of Plaintiff's pro se status and the liberal standard for granting leave to amend, out of an abundance of caution, the Court will give Plaintiff an opportunity to amend her complaint to allege a state law duty of care.

### B. Plaintiff's Motion to Appoint Counsel

Citing medical reasons, including surgery and subsequent recovery, Plaintiff seeks appointment of counsel. See Pl.'s Mot. Appoint Counsel, Dkt. 9, at 1–3. Unlike criminal defendants, prisoners and indigents in civil actions have no constitutional right to counsel unless their physical liberty is at stake. Lassiter v. Dep't of Soc. Servs., 452 U.S. 18, 25 (1981). Whether a court appoints counsel for indigent litigants is within the court's discretion. Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986). In civil cases, counsel should be appointed only in "exceptional circumstances." Id. To determine whether exceptional circumstances exist, the court should evaluate two factors: (1) the likelihood of success on the merits of the case, and (2) the ability of the plaintiff to articulate the claims pro se considering the complexity of legal issues involved. Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991). Neither factor is dispositive, and both must be evaluated together. Id.

Even if this Court finds exceptional circumstances exist, it has no authority to require attorneys to represent indigent litigants in civil cases under 28 U.S.C. § 1915(e)(1) or under the Court's inherent authority. See Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa, 490 U.S. 296, 298 (1989) (holding that the appointment of counsel provision in § 1915, formerly found in subsection (d), does not "authorize[] a federal court to require an unwilling attorney to represent an indigent litigant in a civil case"). Rather, when a court "appoints" an attorney, it can do so only if the attorney voluntarily accepts the assignment. The Court has no funds to pay for attorneys' fees in civil matters such

as this one, and it is often difficult to find attorneys willing to work on a case without payment.

In this case, the Court finds that exceptional circumstances do not exist that warrant the appointment of counsel.  As discussed above, Plaintiff is not likely to succeed on the merits given the lack of any state law duty to sustain her claims under the FTCA, although the Court is giving her another opportunity to amend her complaint.  Furthermore, Plaintiff has sufficiently articulated her claims, and the legal issues in this case are not complex.  Regarding her medical status, Plaintiff informed the Court that she had surgery on March 17, 2022, and was hospitalized between March 17–21, 2022.  Pl.'s Mot. Extension of Time, Dkt. 14, at 1 (explaining that, following her discharge, she "is receiving ongoing Home Healthcare services and at-home physical therapy, et cetera, as ordered by her doctor.").  Since her discharge, Plaintiff has filed a motion for extension of time to file responsive pleadings, Dkt. 14 (filed April 1, 2022), a response to Defendant's Motion to Dismiss, Dkt. 18 (filed April 22, 2022), and a reply brief to her present Motion to Appoint Counsel, Dkt. 19 (filed April 29, 2022), all of which shows that Plaintiff is currently able to prosecute this case.  As a result, Plaintiff's Motion to Appoint Counsel is DENIED without prejudice.

**CONCLUSION**

For the foregoing reasons, Defendant's Motion to Dismiss, Dkt. 10, is GRANTED with leave to amend.  Plaintiff's Motion to Appoint Counsel, Dkt. 9, is DENIED without prejudice.  Not later than twenty (20) days following the date this Memorandum and Order is electronically filed, Plaintiff may (but is not required to) file an amended

///
///
///
///

complaint. If no amended complaint is timely filed, the causes of action dismissed by virtue of this Memorandum and Order will be deemed dismissed with prejudice upon no further notice to the parties.

IT IS SO ORDERED.

Dated: August 9, 2022

MORRISON C. ENGLAND, JR
SENIOR UNITED STATES DISTRICT JUDGE