1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

JOSEPHINE GUION,

        Plaintiff,

    v.

UNITED STATES OF AMERICA,

        Defendant.

Case No. 1:21-cv-00235-MCE

**MEMORANDUM AND ORDER**

Plaintiff Josephine Guion ("Plaintiff"), proceeding pro se, initiated the present action against Defendant United States of America ("Defendant") under the Federal Tort Claims Act ("FTCA"), alleging that she filed a racial and housing discrimination complaint with the U.S. Department of Housing and Development ("HUD") in 2015, but a HUD intake specialist negligently failed to send her the requisite paperwork to start an investigation or otherwise contact her. See Second Am. Compl., Dkt. 23 ("SAC"). Presently before the Court are Defendant's Motion to Dismiss Plaintiff's SAC, Dkt. 26, and Plaintiff's Motions to Amend the SAC. Dkt. 32, 33, 38, 39.[1] These matters have been fully briefed. Having reviewed and considered the parties' records and briefs, the Court finds that oral argument is unnecessary to resolve the pending motions. For the

---

[1] Plaintiff has also filed multiple notices of errata and a sur-reply. See Dkt. 24, 29, 30, 31, 34, 37, 41.

reasons set forth below, Defendant's Motion to Dismiss is GRANTED and Plaintiff's Motions to Amend are each DENIED.

**STANDARD**

On a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6),[2] all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party.  Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337–38 (9th Cir. 1996).  Rule 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  A complaint attacked by a Rule 12(b)(6) motion to dismiss does not require detailed factual allegations.  However, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Id. (internal citations and quotations omitted).  A court is not required to accept as true a "legal conclusion couched as a factual allegation."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555).  "Factual allegations must be enough to raise a right to relief above the speculative level."  Twombly, 550 U.S. at 555 (citing 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004) (stating that the pleading must contain something more than "a statement of facts that merely creates a suspicion [of] a legally cognizable right of action")).

Furthermore, "Rule 8(a)(2) . . . requires a showing, rather than a blanket assertion, of entitlement to relief."  Twombly, 550 U.S. at 555 n.3 (internal citations and quotations omitted).  Thus, "[w]ithout some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of

---

[2] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure.

the nature of the claim, but also 'grounds' on which the claim rests." Id. (citing Wright & Miller, supra, at 94, 95).  A pleading must contain "only enough facts to state a claim to relief that is plausible on its face." Id. at 570.  If the "plaintiffs . . . have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." Id.  However, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'"  Id. at 556 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

A court granting a motion to dismiss a complaint must then decide whether to grant leave to amend.  Leave to amend should be "freely given" where there is no "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of [the] amendment . . . ."  Foman v. Davis, 371 U.S. 178, 182 (1962); Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (listing the Foman factors as those to be considered when deciding whether to grant leave to amend).  Not all of these factors merit equal weight.  Rather, "the consideration of prejudice to the opposing party . . . carries the greatest weight." Id. (citing DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 185 (9th Cir. 1987)).  Dismissal without leave to amend is proper only if it is clear that "the complaint could not be saved by any amendment."  Intri-Plex Techs., Inc. v. Crest Group, Inc., 499 F.3d 1048, 1056 (9th Cir. 2007) (citing In re Daou Sys., Inc., 411 F.3d 1006, 1013 (9th Cir. 2005); Ascon Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989) ("Leave need not be granted where the amendment of the complaint . . . constitutes an exercise in futility . . . .")).

///

///

///

///

///

///

3

1

2

**ANALYSIS**

3

     **A.     Defendant's Motion to Dismiss**

4

     In its prior Memorandum and Order, which is incorporated by reference herein,

5

see Dkt. 22, the Court concluded that Plaintiff failed to identify any state law duty and

6

thus failed to state a claim under the FTCA.  See id. at 4–6.  The factual allegations in

7

the SAC remain largely the same as prior complaints.  However, in the SAC, Plaintiff

8

attempts to allege a state law tort duty under the Idaho Tort Claims Act, see SAC, at 2–

9

3, which "establishes that governmental entities are subject to liability for their own

10

negligent or wrongful acts, and those of their employees who were acting within the

11

course and scope of their employment." Hoffer v. City of Boise, 151 Idaho 400, 402

12

(2011) (citations omitted).  The FTCA, however, "requires a court to look to the state-law

13

liability of private entities, not to that of public entities, when assessing the Government's

14

liability under the FTCA in the performance of activities which private persons do not

15

perform."  United States v. Olson, 546 U.S. 43, 45–46 (2005) (citation and internal

16

quotation marks omitted) (emphasis added).

17

     Regarding her claims of negligence per se, Plaintiff continues to rely on federal

18

statutes and regulations, specifically 42 U.S.C. § 3610(f)(1) and 24 C.F.R. § 103.100, but

19

she has not cited any analogous state law duty.  See SAC, at 13.  As this Court

20

previously explained, because this is a FTCA action, "any duty that the United States

21

owed to [Plaintiff] must be found in [] state tort law."  See Dkt. 22, at 5–6 (citing, in part,

22

Delta Savings Bank v. United States, 265 F.3d 1017, 1025 (9th Cir. 2001) ("Because the

23

FTCA action cannot be premised on a violation of [federal law], the plaintiffs must show

24

that the conduct of the government violates some state law.") (citation omitted)).  The

25

Court is also unaware of such a duty.

26

///

27

///

28

///

4

1    Because Plaintiff has failed to identify an analogous state law duty, she cannot

2    state a claim under the FTCA.  Accordingly, Defendant's Motion to Dismiss is

3    GRANTED.  The Court will next address whether leave to amend is warranted in the

4    context of Plaintiff's Motions to Amend.

5         **B.    Plaintiff's Motions to Amend**

6         As indicated above, Plaintiff has filed numerous motions to amend her SAC.  <u>See</u>

7    Dkt. 32, 33, 38, 39.[3]  For example, Plaintiff asserts that a provision of the Restatement

8    (Second) of Torts provides an analogous state law duty to sustain her FTCA claims, but

9    that provision relates to physical harm, something that is not alleged in the SAC or in

10   Plaintiff's filings.  <u>See</u> Dkt. 32 (citing Restatement (Second) of Torts § 315(b) (Am. L.

11   Inst. 1966) ("There is no duty so to control the conduct of a third person as to prevent

12   him from <u>causing physical harm</u> to another unless . . . a special relation exists between

13   the actor and the other which gives to the other a right to protection.") (emphasis

14   added)).  To the extent Plaintiff raises new arguments relating to her negligent hiring,

15   training, and/or supervision claims, they fail for the same reasons discussed above, i.e.,

16   that Plaintiff relies on federal statutes and regulations and has not identified any

17   analogous state law tort duty.  <u>See</u> <u>supra</u> Part A.  As a result, granting Plaintiff leave to

18   amend would be futile, especially since Plaintiff has had multiple opportunities to amend

19   her claims but the same deficiencies remain.  Therefore, Plaintiff's Motions to Amend are

20   DENIED and the SAC is DISMISSED without leave to amend.

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   _____

28        [3] Plaintiff withdrew her motion to supplement the SAC with additional claims based on the
     respondeat superior doctrine.  <u>See</u> Dkt. 25; 33, at 6.

1

2

**CONCLUSION**

3       For the foregoing reasons, Defendant's Motion to Dismiss Plaintiff's SAC (Dkt. 26)

4   is GRANTED without leave to amend.  Plaintiff's Motions to Amend the SAC (Dkt. 25,

5   32, 33, 38, 39) are each DENIED.  The Clerk of Court is directed to enter judgment in

6   favor of Defendant and to close the case.

7       IT IS SO ORDERED.

8   Dated:  April 12, 2023

9

10                                          MORRISON C. ENGLAND, JR.
                                            SENIOR UNITED STATES DISTRICT JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28